FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2018 APR 16 AM 9: 50

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | No. 76207-9-I |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHRISTOPHER ROBERT KINTZ, | ) | |
| Appellant. | ) | FILED: April 16, 2018 |
| | ) | |

DWYER, J. — Following a bench trial, Christopher Kintz was found guilty of burglary in the second degree and possession of methamphetamine. On appeal, Kintz contends that the State failed to present evidence establishing the corpus delicti of the crime of burglary in the second degree. Finding no error, we affirm.

I

On November 2, 2014, police responded to a report of a suspicious person inside room 192A of Bagley Hall at the University of Washington. A graduate student was working in the chemistry lab at Bagley Hall when he saw a strange man wandering around the lab. Bagley Hall was closed to the public that day and was only accessible via approved card entry. The student asked the man what he was doing inside the building and the man replied that he was "just passing through." The student called the police and provided them with a description of the man. The responding officers searched the room where the

student saw the man and noticed that there was an open window at ground level immediately adjacent to the room.

The responding officers then received a call that a man matching the intruder's description was spotted inside of the Health Sciences Building. The officers searched the Health Sciences Building and discovered Christopher Kintz wandering around the 4th floor. The student witness positively identified Kintz as the man that he saw in Bagley Hall. The officers arrested Kintz and searched him incident to arrest, discovering two small glass beaker tubes and a small bag of methamphetamine. After the officers read Kintz his Miranda[1] rights, Kintz confessed that he had climbed through the window of Bagley Hall and had stolen glass beakers in order to build a methamphetamine pipe.

Kintz was charged with burglary in the second degree and possession of methamphetamine. On August 25, 2015, Kintz signed a drug diversion court waiver and agreement (Agreement). The Agreement provided that, upon his successful completion of the drug court program, all criminal charges pending against Kintz would be dismissed with prejudice. The Agreement further provided that, in the event that Kintz failed to complete the drug court program, a bench trial would be held at which the State could present evidence related to the charges against him and that the judge would decide whether he was guilty based solely on that evidence. Kintz agreed to waive his right to contest or object to any evidence presented against him.

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Kintz violated the Agreement and was terminated from the drug court program on October 31, 2016. On November 10, 2016, the trial court found Kintz guilty of burglary in the second degree and possession of methamphetamine and sentenced him to 51 months of confinement. Kintz appeals.

II

Kintz first contends that the State failed to present independent evidence sufficient to establish the corpus delicti of burglary in the second degree. We disagree.

"Corpus delicti means the 'body of the crime.'" State v. Brockob, 159 Wn.2d 311, 327, 150 P.3d 59 (2006) (internal quotation marks omitted) (quoting State v. Aten, 130 Wn.2d 640, 655, 927 P.2d 210 (1996)). The body of the crime "usually consists of two elements: (1) an injury or loss (e.g., death or missing property) and (2) someone's criminal act as the cause thereof." City of Bremerton v. Corbett, 106 Wn.2d 569, 573-74, 723 P.2d 1135 (1986).

"The corpus delicti 'must be proved by evidence sufficient to support the inference that' a crime took place, and the defendant's confession 'alone is not sufficient to establish that a crime took place.'" State v. Cardenas-Flores, 189 Wn.2d 243, 252, 401 P.3d 19 (2017) (quoting Brockob, 159 Wn.2d at 327-28). Specifically, "[t]he State must present other independent evidence . . . that the crime a defendant described in the [confession] actually occurred." Brockob, 159 Wn.2d at 328.

> Essentially, corpus delicti is a corroboration rule that "prevent[s] defendants from being unjustly convicted based on confessions alone." [State v.] Dow, 168 Wn.2d [243,] 249[, 227 P.3d 1278 (2010)]; see also 1 KENNETH S. BROUN ET. AL., MCCORMICK ON

EVIDENCE § 145, at 802 n.7 (7th ed. 2013) ("The corroboration requirement rests upon the dual assumptions that [the] risk[ ] of inaccurac[ies] are serious . . . and that juries are likely to accept confessions uncritically.").

Cardenas-Flores, 189 Wn.2d at 252.

Our Supreme Court has held that corpus delicti is a rule of sufficiency that may be raised for the first time on appeal.[2] Cardenas-Flores, 189 Wn.2d at 257, 263. "Under the Washington rule . . . the evidence must independently *corroborate*, or confirm, a defendant's" confession. Brockob, 159 Wn.2d at 328-29. "The independent evidence need not be of such a character as would establish the corpus delicti beyond a reasonable doubt, or even by a preponderance of the proof. It is sufficient if it *prima facie* establishes the *corpus delicti.*" State v. Meyer, 37 Wn.2d 759, 763-64, 226 P.2d 204 (1951). "Prima facie corroboration . . . exists if the independent evidence supports a 'logical and reasonable inference' of the facts" that the State seeks to prove. Brockob, 159 Wn.2d at 328 (internal quotation marks omitted) (quoting Aten, 130 Wn.2d at 656). "While the State must establish the mental element of the crime beyond a reasonable doubt to sustain a conviction, mens rea is not required to satisfy corpus delicti." Cardenas-Flores, 189 Wn.2d at 263-64.

"On appeal, any error in the admission of a confession under corpus delicti is necessarily considered in light of *all the evidence at trial*, not simply the foundation laid when the confession is offered." Cardenas-Flores, 189 Wn.2d at

_____

[2] The State contends that Kintz waived his right to object to the admission of his confession and that, accordingly, it need not establish the corpus delicti of burglary in the second degree. But our Supreme Court has held that corpus delicti is a rule of sufficiency that can be raised for the first time on appeal. Cardenas-Flores, 189 Wn.2d at 263. Accordingly, the State's contention necessarily fails.

262. "In determining whether there is sufficient evidence of the corpus delicti independent of the defendant's statements, we assume the 'truth of the State's evidence and all reasonable inferences from it in a light most favorable to the State.'" Cardenas-Flores, 189 Wn.2d at 264 (quoting Aten, 130 Wn.2d at 658).

Here, Kintz contends that the State failed to present prima facie evidence sufficient to establish the corpus delicti of burglary in the second degree.[3] To establish the corpus delicti of burglary in the second degree, the State had to present prima facie evidence that someone (1) entered or remained unlawfully in a building (2) with intent to commit a crime against a person or property therein. As discussed herein, independent evidence is sufficient if it supports a logical and reasonable inference of the facts that the State seeks to prove. Cardenas-Flores, 189 Wn.2d at 264. The evidence presented by the State included an incident report, two written statements by responding officers, a written statement by the student witness, and a photograph of a sign setting forth the Bagley Hall building hours.

Sufficient evidence prima facie establishes the fact that the crime of burglary in the second degree occurred. A witness discovered Kintz inside of Bagley Hall, which was closed to the public and only accessible via approved card entry.[4] The area in which Kintz was discovered housed glass beakers and

---

[3] Pursuant to RCW 9A.52.030, "[a] person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building other than a vehicle or a dwelling."

[4] Kintz invites us to speculate that he may have been granted access to Bagley Hall by an unidentified individual. But there is no evidence that anyone invited Kintz into the building. Moreover, such speculation is contrary to the mandate that we draw all reasonable inferences from the evidence in the light most favorable to the State. Cardenas-Flores, 189 Wn.2d at 264.

was immediately adjacent to an open window. Kintz was detained shortly after leaving the locked building and a search incident to arrest revealed that he was holding glass beakers. Drawing all reasonable inferences in a light most favorable to the State, this evidence supports a logical inference that a burglary occurred.

III

Kintz next contends that his conviction for burglary in the second degree was not supported by sufficient evidence. We disagree.

"Evidence is sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt." Cardenas-Flores, 189 Wn.2d at 265. "A claim of evidentiary insufficiency admits the truth of the State's evidence and all reasonable inferences from that evidence." State v. Rodriquez, 187 Wn. App. 922, 930, 352 P.3d 200 (2015).

Here, because the State satisfied corpus delicti, Kintz's confession to the police was properly considered by the trial court. Kintz admitted that he unlawfully entered Bagley Hall through the open window and stole the glass beakers in order to make methamphetamine. The evidence establishing corpus delicti, coupled with Kintz's confession, provides overwhelming evidence that he committed burglary in the second degree.

IV

Finally, Kintz has filed a statement of additional grounds for review. See RAP 10.10. Kintz contends that the responding officer who submitted the

- 6 -

incident report was not truthful. Kintz has not sufficiently identified the nature of the alleged error to permit appellate review. See RAP 10.10(c).

Affirmed.

We concur: